NO. 03-15-00294-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS


FILED
May 14, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

MANOR INDEPENDENT SCHOOL DISTRICT
*Appellant*

*v.*

DEYDRA STEANS
*Appellee*

From the 200th Judicial District Court of
Travis County, Texas

APPELLANT'S MOTION FOR EMERGENCY STAY

Appellant, Manor Independent School District ("MISD"), asks the Court for an emergency stay of jury trial pending interlocutory appeal.

1.      MISD requests that this Court grant an emergency stay of the jury trial of this case pending MISD's interlocutory appeal of the denial of MISD's plea to the jurisdiction.

2.      On May 12, 2015, the trial court denied Defendant's plea to the jurisdiction asserting governmental immunity on claims under Chapter 21 of the Texas Labor Code.

3. On May 13, 2015, MISD filed a Notice of Interlocutory Appeal with the Travis County District Clerk, pursuant to Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

4. This case is currently set for trial this coming Monday, May 18, 2015.

5. On May 13, 2015, after determining that Plaintiff opposes a stay (they also oppose a continuance), MISD filed a Motion for Stay or for Continuance in the district court. Counsel has been informed that the district court will not be able to have the motion heard in the district court before 9:00 a.m. on May 18, 2015, and that it is in the discretion of the district judge assigned at that time whether to even consider the motion prior to trial. Thus, MISD seeks this emergency relief here.

6. Even assuming the automatic stay provided for in Section 51.014(b) does not apply to stay all proceedings[1], the stay of the trial should be granted pursuant to Rule 29.5 of the Rules of Appellate Procedure. Allowing a trial to proceed pending the interlocutory appeal would interfere with or impair the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal, which is prohibited by Rule 29.5. Specifically, the relief

---

[1] That section provides for an automatic stay of all proceedings if the plea to the jurisdiction is filed and requested for hearing within 180 days of the filing of the appropriate responsive pleading. Defendant could not file its plea to the jurisdiction within that time frame because it was based on jurisdictional facts and, thus, required discovery, which was delayed for various reasons, including an informal agreed stay pending protracted settlement discussions. The plea was filed within a reasonable amount of time following the close of discovery (filed March 4, 2015 after last depositions signed January 8, 2015).

2

sought on appeal is a dismissal of the claims over which MISD asserts the trial court lacks jurisdiction based on governmental immunity. Such immunity is immunity from suit. *See, e.g., San Antonio Water Sys. v. Nicholas*, 13-0966, 2015 WL 1873217, at \*3 (Tex. Apr. 24, 2015); *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Thus, if MISD is immune from suit, as it argues, and is asking this Court to decide, it should not be subject to the burdens of a trial. If the trial court continues to assert jurisdiction and conducts a trial, the effectiveness of this Court's remedy finding of a lack of jurisdiction will have been impaired and rendered null. Not only would a trial on the merits at this point frustrate the purposes of immunity to the detriment of MISD, but it also could result in a needless waste of the trial court's judicial resources in conducting a jury trial over which it has no jurisdiction.

## PRAYER

For the reasons stated in this motion, Appellant asks the Court for an emergency stay of jury trial pending interlocutory appeal.

Respectfully submitted,

EICHELBAUM WARDELL
HANSEN POWELL & MEHL, P.C.

By: _Jennifer A. Powell_____
Jennifer A. Powell
Texas Bar No. 00783554
Abraham F. Barker
Texas Bar No. 24073241
4201 W. Parmer Lane, Suite A100
Austin, Texas  78727
512/476-9944
512/472-2599 fax
*Attorneys for Manor Independent*
*School District*

## CERTIFICATE OF CONFERENCE

On May 13, 2015, I conferred with Gary Bledsoe, attorney for Plaintiff, and he stated that he is opposed to a stay of the trial.

_Jennifer A. Powell_____
Jennifer A. Powell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent via court-generated electronic means and/or email on May 14, 2015, to the following:

Gary L. Bledsoe
Alondra Johnson
Potter Bledsoe, LLP
316 West 12th Street, Suite 307
Austin, Texas 78701
*Attorneys for Deydra Steans*

_Jennifer A. Powell_____
Jennifer A. Powell

## VERIFICATION

STATE OF TEXAS        §
                                     §

COUNTY OF TRAVIS      §

        Before me, the undersigned notary, on this day, personally appeared Jennifer A. Powell, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said that she had read this pleading and the facts stated in it are within her personal knowledge and are true and correct.

_Jennifer A. Powell_
Jennifer A. Powell

SWORN and SUBSCRIBED before me on May 13, 2015.

NANCY NOWELL
Notary Public, State of Texas
My Commission Expires
April 16, 2018

_Nancy B. Nowell_
Notary Public in and for the State of Texas